# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50984
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DALE PAUL KEYSER, also known as Paul Dale Keyser, also known as Dale Keyser, also known as Dale P. Keyser,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-47-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Dale Paul Keyser was convicted of one count of possessing child pornography and one count of failing to register as a sex offender, and the district court sentenced him to serve 125 months in prison and a 40-year term of supervised release. In this appeal, Keyser challenges the denial of his motion to suppress. He argues that the affidavit offered in support of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50984

warrant to search his home did not give rise to probable cause because it contained stale, generic information.

In analyzing the denial of a suppression motion, we review factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010). When reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved, we use a two-step inquiry. *Allen*, 625 F.3d at 834. First, we ask whether the good faith exception to the exclusionary rule applies and, second, whether the issuing magistrate had a substantial basis for concluding that probable cause existed. *Id.* If the good faith exception applies, then no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed. *Id.*

Our review of the record and pertinent jurisprudence supports the district court's conclusion that the information in the warrant was not stale. *See Allen*, 625 F.3d at 841-43. Jurisprudence also supports the conclusion that the affidavit contained information providing "a substantial basis to conclude that evidence of criminal activity would be found at" Keyser's home. *See United States v. Perez*, 484 F.3d 735, 738-40 (5th Cir. 2007). Keyser has not shown that the affidavit underlying the warrant contained stale information, nor has he shown that this information was not specific to him. The good faith exception applies, and we need not conduct any further analysis. *See Allen*, 625 F.3d at 834.

AFFIRMED.